GLD-157                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3439
_____

GERSON MONTERROSO,
                                        Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A099-000-418)
Immigration Judge Alberto J. Riefkohl
_____

Submitted on Petitioner's Motion To Remand
April 5, 2012

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed April 25, 2012)
_____

OPINION
_____

PER CURIAM

Gerson Monterroso petitions for review of the Board of Immigration Appeals'

final order of removal.  For the reasons that follow, we will grant the petition for review

and remand the matter for further proceedings before the Board.

Monterroso, a native and citizen of Guatemala, entered the United States without inspection in 2001. He was placed in removal proceedings in 2006 and subsequently applied for withholding of removal based on membership in a particular social group. He also applied for relief under the Convention Against Torture. In his written application, Monterroso stated that one of his classmates, Lizardo Perez, joined a gang and became very involved in gang activities. Perez began to call Monterroso's home demanding money, because Monterroso's family is financially comfortable. Perez threatened to kill the entire family if he did not get money. As a result, the family moved from their hometown to the city of Quetzultenango in 1998 but Monterroso continued to fear the criminal gangs. Also in support of his application, Monterroso submitted the 2006 State Department Country Report, and numerous reports and articles on human rights violations and lawlessness in Guatemala.

In a hearing before the Immigration Judge on March 17, 2008, Monterroso testified, consistent with his application, that he came to the United States because of the gangs' kidnaping and death threats. In 1996, a classmate (that is, Perez) who belonged to a gang began calling him and demanding money from him. The classmate, who knew that Monterroso's father had a lot of money, would threaten to kidnap or kill Monterroso if he did not pay. Monterroso's father filed a police report but the police did not take any action. In light of these events, the Monterrosos moved to another part of Guatemala in 1998. Monterroso ultimately fled to the United States. After he left Guatemala, one of his father's drivers was robbed, and his parents continued to receive threatening calls from the same criminal gangs who indicated that they were looking for Monterroso.

2

Following the hearing, the IJ denied relief on the grounds that Monterroso was not a member of a protected particular social group and that he did not carry his burden of proof with respect to showing persecution. In the IJ's view, Monterroso's request for withholding of removal was based on his purported membership in a particular social group defined as children of wealthy parents who have been threatened with kidnaping or murder if extortion money is not paid. This group is not protected under the Immigration & Nationality Act ("INA"). The IJ also concluded that Monterroso's claim of persecution was vaguely stated, especially with respect to the reasons for the threats that he had received. The IJ noted our observation in Valdiviezo-Galdamez v. Att'y Gen. of the U.S., 502 F.3d 285 (3d Cir. 2007) ("Valdiviezo-Galdamez I"), that threats made by gangs could place an individual in a particular social group as defined by the INA, but the IJ concluded that the degree of specificity in that case concerning the number of police reports made which were not taken seriously, was different from Monterroso's case. Moreover, general lawlessness in a country is not an accepted basis for granting withholding of removal. Last, the IJ concluded that Monterroso failed to show that he likely would be tortured by or with the acquiescence of the Guatemalan government.

Monterroso appealed to the Board. In his brief on appeal, he argued, among other things, that he was targeted on the basis of his membership in a particular social group, namely, persons who are male and subject to attack by criminal gangs which attack and kill at will. A.R. 19. Monterroso argued that the gang member who threatened him was aware that his father owned a successful business and was financially comfortable, and targeted him because criminal gangs are in constant need of money to further their

3

crimes.  In reliance upon Matter of Acosta, 19 I. & N. Dec. 211 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987), he argued that he is a member of a group of males who "easily become targets of the criminal gangs known as 'las maras.'"  A.R. 21.

On July 24, 2009, the Board upheld the IJ's denial of Monterroso's claims for withholding of removal and CAT relief.  In rejecting Monterroso's withholding claim, the Board concluded that he was never harmed in Guatemala on account of a protected ground, and that the perception that he might be wealthy did not place him in a protected particular social group.  The Board agreed with the IJ that Valdiviezo-Galdamez I was distinguishable from Monterroso's case, and the Board suggested that the ruling in that case was not helpful to his claim anyway.  The Board reasoned that Valdiviezo-Galdamez I did not hold that the petitioner's proposed group – young Honduran men who have been recruited by gangs and who have refused to join – constituted a particular social group.  Rather, the Third Circuit had merely alluded to that possibility and had remanded the case for a determination of the issue.  The Board had since addressed the issue and, applying its "particularity" and "social visibility" requirements, had concluded that youth who are subjected to harassment and/or recruitment by gangs are not a particular social group within the meaning of the INA, see Matter of E-A-G-, 24 I. & N. Dec. 591 (BIA 2008); Matter of S-E-G-, 24 I. & N. Dec. 579 (BIA 2008).

Monterroso timely petitions for review of the Board's decision.  We have jurisdiction pursuant to 8 U.S.C. §§ 1252(a), (b)(1).  After this case was briefed, we decided Valdiviezo–Galdamez v. Att'y Gen. of U.S., 663 F.3d 582 (3d Cir. 2011)

4

("Valdiviezo–Galdamez II"), and Monterroso now moves for a remand on the basis of this decision.[1] In Valdiviezo-Galdamez II, we discussed the Board's initial interpretation of "particular social group" and its later development of the requirements of "particularity" and "social visibility" for determining whether a proposed social group constitutes a "particular social group" for purposes of asylum and withholding of removal. In Valdiviezo–Galdamez II, we held that the Board's requirements of "particularity" and "social visibility," which were applied in denying the petitioner relief in that case, and applied here by the Board in denying Monterroso relief, was not entitled to deference, Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), because it was inconsistent with a number of cases in which the Board had found that a proposed social group was a "particular social group" under the standard it had earlier established in Matter of Acosta, 19 I. & N. Dec. 211. Valdiviezo–Galdamez II, 663 F.3d at 603–08. We reasoned that, although the Board can change the requirements for establishing membership in "a particular social group," it must (1) announce a principled reason for departing from established precedent (2) that is based on a permissible construction of the statute; and it had not done so in holding that persons resisting recruitment into a gang could not constitute a particular social group for purposes of establishing refugee status. Id. at 608 & n.19. We held that the Board's prior ruling in Matter of Acosta should, in the meantime, continue to control inquiries into

---

[1] This case was stayed pending our decision in Valdiviezo-Galdamez II. Once the stay was lifted, we directed the parties to respond to its effect on this case.

whether an asylum applicant's proposed social group constitutes a "particular social group" under the INA. Id. at 609.

Our decision in Valdiviezo–Galdamez II is controlling here because the Board itself defined the proposed social group in Monterroso's case as "youth who are subjected to harassment and/or recruitment by gangs." A.R. 4 (emphasis added). As the Board noted, a family's economic status alone may be insufficient to place a petitioner in a particular social group, but it is plain enough to us that Monterroso's proposed group was not defined merely by wealth, see Orejuela v. Gonzales, 423 F.3d 666, 672 (7th Cir. 2005) (petitioner's proposed group was not defined merely by wealth, a characteristic that standing alone was rejected by the Board in In re: V-T-S-, 21 I. & N. Dec. 792, 799 (1997)). Therefore, we will grant this petition for review on the issue of Monterroso's membership in a particular social group and remand the matter for the Board to analyze his proposed social group in a manner consistent with this opinion and Valdiviezo–Galdamez II.

In its opposition to Monterroso's motion to remand, the Attorney General argues that the Board did not rest its conclusion solely on its determination that Monterroso failed to show that his proposed social group was protected under the INA, but also held that Monterroso failed to meet his burden of proof to show persecution. The Attorney General argues that the Board also held that Monterroso was only threatened and never actually harmed in Guatemala and thus his evidence of persecution was insufficient. When asserting a withholding of removal claim, a petitioner must show both that he is a member of a particular social group as defined by the Act and that it is more likely than

6

not that he will be persecuted on account of his membership in that group. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). In addition, because Monterroso failed to show that he was subjected to harm in Guatemala rising to the level of persecution, there is no rebuttable presumption of future persecution in his case, 8 C.F.R. § 1208.16(b)(1)(ii). Furthermore, general violence and lawlessness in the proposed country of removal will not support a claim for withholding of removal, see Konan v. Att'y Gen. of the U.S., 432 F.3d 497, 506 (3d Cir. 2005).

We decline to reach the issue of whether substantial evidence in the record supports the agency's conclusion that Monterroso failed to meet his burden of proof to show that it is more likely than not that he would be persecuted even if it is assumed that he is member of a particular social group as defined by the INA. We express no view at this time on this issue, or on the CAT issue, for that matter, because the Board's emphasis on the particular social group issue in deciding Monterroso's appeal warrants a remand in an abundance of caution.[2]

For the foregoing reasons, we will grant the petition for review, and remand the matter to the Board for its consideration of whether Monterroso's proposed social group constitutes a "particular social group" under the standard the Board established in Matter of Acosta, 19 I. & N. Dec. 211 (BIA 1985). See Valdiviezo–Galdamez II.

---

[2] In likely recognition of this emphasis, the Attorney General devoted nearly twice as many pages of his brief to the particular social group issue as he did to the issue of whether the threats Monterroso received rose to the level of persecution.